IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ABNER CLARK MACKEY,

                Petitioner

VS.

ALEXIS CHASE, WARDEN, *et al.,*

                Respondents

NO. 5: 05-CV-309 (DF)

PROCEEDINGS UNDER 28 U.S.C. §2241
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION OF DISMISSAL OF ATTORNEY GENERAL BAKER

Respondent THURBERT E. BAKER, Attorney General of the State of Georgia, has moved this court to dismiss him from the above-styled proceeding filed under provisions of 28 U.S.C. §2254 on the ground that he is an improper party to this action.

Rule 2(a) of the *Rules Governing §2254 Cases in the United States District Courts* provides as follows:

> *Applicants in present custody. If the applicant is presently in custody pursuant to the state judgment in question, the application shall be in the form of a petition for a writ of habeas corpus in which the state officer having custody of the applicant shall be named as respondent. (emphasis added)*

The Attorney General for the State of Georgia is a proper respondent only in those cases in which the petitioner is attacking a state conviction under which he is presently not in custody but pursuant to which he may be subject to future custody. *See* Rule 2(b), Rules Governing §2254 Cases in United States District Courts; *Strader v. Troy*, 571 F.2d 1263, 1269 n.6 (4th Cir.1978); *English v. Miller*, 341 F.Supp. 714, 715 (E.D.Va.1972), *rev'd on other grounds*, 481 F.2d 1188 (4th Cir. 1973).

It is plain from a review of the present case that the petitioner is "presently in custody pursuant to the state judgment in question" and that the petitioner is not attacking a state conviction which may subject him only to future custody as contemplated by Rule 2(b), *supra*.  Therefore, the only proper respondent is the warden of the institution where the habeas corpus petitioner is being held.

Accordingly, IT IS THE RECOMMENDATION of the undersigned that the motion of THURBERT E. BAKER, Attorney General of the State of Georgia, to dismiss him from the above-styled §2254 proceeding be GRANTED and that he be DISMISSED from this action WITH PREJUDICE.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 17th day of MARCH, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE