IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ABNER CLARK MACKEY,

                Petitioner

    VS.

ALEXIS CHASE, WARDEN, *et al.*,

                Respondents

NO. 5: 05-CV-309 (DF)

PROCEEDINGS UNDER 28 U.S.C. §2241
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is respondent CHASE's MOTION TO DISMISS the above-styled case. Tab #19. The petitioner has filed a response to the respondent's motion (Tab #23) and a brief in support of his position (Tab #25).

Respondent CHASE states two causes for dismissal: the first is that the petition is subject to the gate-keeping provision for successive petitions. The respondent argues that since the circuit court has not authorized this case to proceed, this court lacks jurisdiction to consider it. Though the petitioner states that he is not challenging his conviction but rather the duration of his confinement – an argument that he has not previously made – it appears clear to this court that he is merely trying to circumvent habeas corpus procedure by using different verbiage and a different statute (§2241 rather than §2254) to make the same argument that has previously been rejected. "A state prisoner cannot evade the procedural requirements of §2254 by filing something purporting to be a §2241 petition." *Thomas v. Crosby*, 371 F. 3d 371, 787.

Accordingly, this court finds that the petition in question is successive which this court has not been authorized to accept by the circuit court. Furthermore, the petition is barred by the AEDPA, 28 U.S.C. §2244(d), which provide as follows:

> *(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*
>
> > *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
>
> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

The petitioner appears to cite to *Blakely v. Washington*, 542 U.S. 296 (2004) as the basis for his petition being actionable. *Blakely* was decided on June 24, 2004 and this petition was filed on August 30, 2005, more than a year later, and is therefore barred by the AEDPA.

The respondent's second claim for dismissal is petitioner's failure to state a claim for habeas corpus relief. The respondent argues that the petitioner appears to seek a federal ruling that orders the Georgia court system to rule on petitioner's Extraordinary Motion for a New Trial. It is well settled that an alleged defect in a proceeding collateral to a criminal defendant's conviction and sentence does not state a basis for habeas relief. *Quince v. Crosby*, 360 F. 3d 1259, 1262 (11th Cir. 2004). A state court's handling of a prisoner's Extraordinary Motion for a New Trial is a collateral matter and therefore not proper for federal habeas proceeding.

Accordingly, IT IS RECOMMENDED that the petition be dismissed, both for being successive and for failure to state an actionable habeas corpus claim.

SO RECOMMENDED this 17th day of MARCH, 2006.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE